THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK LYMPEROPULOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   16 CV 11548 |
| | ) | |
| VILLAGE OF NORRIDGE, and | ) | |
| JAMES CHMURA, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, MARK LYMPEROPULOS, by and through his attorneys, HOLMAN & STEFANOWICZ, LLC, for his Complaint against the Defendants, VILLAGE OF NORRIDGE and JAMES CHMURA, states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of the Federal claim herein pursuant to the provisions of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq*. and 28 U.S.C. § 1331. For the supplemental Illinois statutory claim, the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS § 115/1 *et seq*., jurisdiction is conferred upon the Court by 28 U.S.C. § 1367.

2. Venue herein is proper under 28 U.S.C.A. § 1391(b). The unlawful practices complained of in this Complaint occurred, the employment records relevant to this matter are maintained and administered, and all the parties reside within the Northern District of Illinois.

1

**PARTIES**

3. Plaintiff, MARK LYMPEROPULOS ("LYMPEROPULOS"), is an individual who resides in the Village of Norridge, County of Cook, State of Illinois, which is located in this judicial district. LYMPEROPULOS was employed by the VILLAGE OF NORRIDGE for over twenty-five (25) years, his employment ending on or about April 30, 2016.

4. Defendant, VILLAGE OF NORRIDGE ("NORRIDGE") is a municipal corporation existing and organized under the laws of the State of Illinois. NORRIDGE is located in this judicial district. NORRIDGE was, at all times relevant hereto, the employer of LYMPEROPULOS.

5. Defendant, JAMES CHMURA ("CHMURA"), an individual, is, and at all times relevant hereto was, the Village President of NORRIDGE. CHMURA resides within this judicial district.

**FACTS**

6. On or about April 21, 2016, NORRIDGE advised LYMPEROPULOS that his employment as the Public Works Director for NORRIDGE was being terminated on April 30, 2016.

7. As the Public Works Director for NORRIDGE, LYMPEROPULOS was responsible for municipal projects including planning and directing the design and construction of street improvements, sanitary and storm sewers, water distribution lines, drainage structures, traffic control systems, and other public works or utility projects.

8. As the Public Works Director for NORRIDGE, LYMPEROPULOS was paid a salary that was compensation for a 40-hour work week.


9. As the Public Works Director for NORRIDGE, LYMPEROPULOS was required to be available 24hours a day for emergency situations.

10. Pursuant to an agreement or understanding between LYMPEROPULOS and NORRIDGE, when LYMPEROPULOS was required to respond to emergency situations or work on emergent or extended projects, which resulted in him working in excess of 40-hours during the work week, LYMPEROPULOS was entitled to receive compensatory time in lieu of overtime pay at the rate of 1.5 times his regular hourly wage.

11. Upon the termination of his employment, LYMPEROPULOS was provided a time statement from Joanna Skupien, the Financial Director-HR/Insurance Benefits Coordinator for NORRIDGE, which indicated that LYMPEROPULOS had accumulated 569 hours of worked compensatory time. (The time statement is attached hereto as "Exhibit A.")

12. The time statement that LYMPEROPULOS received also confirms that his total accrued compensatory time would be equal to 1.5 times the compensatory time hours that he had worked. (See, Exhibit A.)

13. LYMPEROPULOS' regular hourly wage was $57.71/hr. As a result, at the time of the termination of his employment, LYMPEROPULOS had accrued $49,255.48 (569 x 1.5 x $57.71) in compensatory time.

14. Upon the termination of his employment, LYMPEROPULOS requested that NORRIDGE pay him the $49,255.48 in accrued compensatory time that was due and owed to him.

15. CHMURA, the Village President of NORRIDGE, intentionally and willfully denied, and continues to deny, the payment of the accrued compensatory time that is due and owed to LYMPEROPULOS.

## COUNT I
## (VIOLATION OF THE FLSA)

16. The Plaintiff restates and realleges by reference paragraphs 1 through 15 above as though fully set forth herein.

17. NORRIDGE was LYMPEROPULOS' employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

18. CHMURA, the Village President of NORRIDGE, was acting directly or indirectly in the interest of NORRIDGE, LYMPEROPULOS' employer. As such, CHMURA was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and exercised operational control over NORRIDGE, supervised employees, determined pay practices, and made the decision not to pay LYMPEROPULOS the compensatory time that was due and owed to him.

19. LYMPEROPULOS was an employee of the Defendants, within the meaning of the FLSA, 29 U.S.C. § 203(e).

20. In accordance with FLSA, 29 U.S.C. § 207(o), LYMPEROPULOS and NORRIDGE had an agreement or understanding that when LYMPEROPULOS had extended projects and/or emergent calls or projects that required him to work in excess of 40-hours during the work week that he would be entitled to receive compensatory time in lieu of overtime pay at the rate of 1.5 times his regular hourly wage.

21. Despite receiving a salary, LYMPEROPULOS and NORRIDGE'S agreement or understanding to provide LYMPEROPULOS compensatory time in lieu of overtime pay was permissible under the provisions of the FLSA, 29 CFR § 541.604.

22. NORRIDGE maintained a record of the compensatory time that LYMPEROPULOS accrued. (See, Exhibit A.)

4

23. Upon the termination of LYMPEROPULOS' employment, LYMPEROPULOS requested payment by the Defendants of the accrued compensatory time that was due and owed to him.

24. The Defendants repeatedly and willfully violated the FLSA, 29 U.S.C. § 207(o), by refusing to pay LYMPEROPULOS the accrued compensatory time that he earned for working hours in excess of 40-hours during the work week, and that was to be paid in lieu of overtime pay.

25. The Defendants' violations of the FLSA as alleged herein, were willful in that Defendants knew that LYMPEROPULOS had earned the compensatory time and that the compensatory time was to be paid in lieu of overtime pay, and willfully and intentional refused to pay LYMPEROPULOS the compensatory time that was due and owed to him.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment on his behalf and against the Defendants for damages including, but not limited to:

a. Enter a declaratory judgment declaring that the Defendants willfully, intentionally and wrongfully violated their statutory obligations and deprived the Plaintiff of his entitlement under the FLSA;

b. All unpaid compensatory time (overtime compensation) that is due to the Plaintiff, including liquidated damages equal to the unpaid compensation owed to Plaintiff, plus interest;

c. An award of reasonable attorneys' fees, costs, and litigation expenses; and

d. Such other relief as the Court deems just and proper.

## COUNT II
## (VIOLATION OF THE IWPCA)

26. The Plaintiff restates and realleges by reference paragraphs 1 through 15 above as though fully set forth herein.

27. NORRIDGE was LYMPEROPULOS' employer within the meaning of the IWPCA, 820 ILCS 115/2.

28. CHMURA, the Village President of NORRIDGE, was acting directly or indirectly in the interest of NORRIDGE, LYMPEROPULOS' employer. As such, CHMURA was an employer within the meaning of the IWPCA, 820 ILCS 115/2. CHMURA exercised operational control over NORRIDGE, supervised employees, determined pay practices, and knowingly and willfully made the decision not to pay LYMPEROPULOS the compensatory time that was due and owed to him, thus CHMURA was an employer within the meaning of the IWPCA, 820 ILCS 115/13.

29. LYMPEROPULOS was an employee of the Defendants, within the meaning of the IWPCA, 820 ILCS 115/2.

30. Pursuant to the IWPCA, 820 ILCS 115/2, the accrued compensatory time that LYMPEROPULOS earned for working hours in excess of 40-hours during the work week, and that was to be paid in lieu of overtime pay, was considered final compensation.

31. Pursuant to the IWPCA, 820 ILCS 115/5, the Defendants were required to pay LYMPEROPULO his final compensation at the time of separation (April 30, 2016), but in no case later than the next regularly scheduled payday.

32. The Defendants repeatedly and willfully violated the IWPCA, 820 ILCS 115/5, by refusing to pay LYMPEROPULOS his final compensation, the accrued compensatory time that he earned for working hours in excess of 40-hours during the work week, and that was to be paid in lieu of overtime pay.

33. The Defendants' violations of the IWPCA as alleged herein, were willful in that Defendants knew that LYMPEROPULOS had earned the compensatory time and that the compensatory time was to be paid in lieu of overtime pay, and willfully and intentional refused to pay LYMPEROPULOS the compensatory time that was due and owed to him.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment on his behalf and against the Defendants for damages including, but not limited to:

a. Enter a declaratory judgment declaring that the Defendants willfully, intentionally and wrongfully violated their statutory obligations and deprived the Plaintiff of his entitlement under the IWPCA;

b. All unpaid compensatory time (final compensation) that is due to the Plaintiff, including 2% of the amount owed for each month following the due date of payment;

c. An award of reasonable attorneys' fees, costs, and litigation expenses; and

d. Such other relief as the Court deems just and proper.

The Plaintiff requests a jury trial of this action.

Respectfully submitted,
PLAINTIFF,

s/   Brian R. Holman
_____
HOLMAN & STEFANOWICZ, LLC
By:   Brian R. Holman

Brian R. Holman (6211123)
Dennis H. Stefanowicz, Jr. (6210166)
Tara Beth Wenz (6289330)
HOLMAN & STEFANOWICZ
Attorneys for the PLAINTIFF
233 South Wacker Drive, Suite 5620
Chicago, Illinois 60606
(312) 258-9700