**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARK LYMPEROPULOS, | ⎫ | |
| Plaintiff, | ⎬ | **Case No. 16 CV 11548** |
| v. | ⎬ | **Honorable Judge Sara Ellis** |
| VILLAGE OF NORRIDGE AND JAMES CHMURA, | ⎬ | |
| Defendants. | ⎭ | |

**DEFENDANTS MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants, VILLAGE OF NORRIDGE and JAMES CHMURA(collectively referred to as "Defendants"), by and through their attorneys, Thomas DiCianni and Jeffrey M. Brown of the law firm ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C., submit the following Memorandum in Support of their Motion for Summary Judgment, under Fed. R. Civ. P. 56, to dismiss the claims of Plaintiff Mark Lymperopulos ("Plaintiff"), and state as follows:

**INTRODUCTION**

Plaintiff brings this suit against the Village of Norridge ("the Village") under the Fair Labor Standards Act ("FLSA"), alleging that he was a FLSA covered employee entitled to compensatory time in lieu of time-and-a-half overtime pay for time worked each week in excess of forty hours. The FLSA, however, contains an exception for employees who are "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. §§ 207(a)(1), 213(a)(1). Plaintiff satisfies the criteria for the administrative exemption, and as a result, Defendants are entitled to summary judgment. The material, undisputed facts, established by

1

Plaintiff's own admissions, demonstrate that Plaintiff, a former highly compensated appointed official for the Village, was exempt from the overtime requirements of the FLSA under the administrative exemption.

In his role as Director of Public Works, Plaintiff as an employee exempt from the FLSA's overtime requirements because: (1) Plaintiff was paid on a salary basis earning well in excess of $455 per week; (2) Plaintiff's primary duties consisted of the performance of office or non-manual work directly related to the Village's general business operations, including ensuring that Village infrastructure and facilities were maintained for residents; and (3) Plaintiff's work - including making decisions about the direction and design of particular public works projects - required the exercise of discretion and independent judgment on matters of substantial importance to the Village. What is more, Plaintiff also satisfies the executive exemption under the FLSA because he had authority to make suggestions and recommendations as to employment decisions.

The conclusion that Plaintiff was an exempt employee is compelled by the undisputed facts in this case as established by Plaintiffs own admissions. Plaintiff is not entitled to compensatory time because he is exempt from the overtime requirements of the FLSA, and therefore, his FLSA claims should be dismissed. Because Plaintiff's FLSA claim is his only basis for federal jurisdiction, dismissal of the claim deprives this Court of jurisdiction to hear his state law claim under the Illinois Wage Payment and Collection Act ("IWPCA") set forth in Count II. Defendants, therefore, respectfully request that the Court enter summary judgment in its favor and dismiss Plaintiff's claims in their entirety.

## STATEMENT OF DISPUTED FACTS

All of the undisputed facts which support Defendant's Motion for Summary Judgment are contained in Defendant's Rule 56(a) 1 Statement of Undisputed Facts.

## STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 977 (7th Cir. 2008). While the facts and all reasonable inferences drawn from the facts are to be viewed in the light most favorable to the nonmoving party, plaintiff bears the burden of going outside of the pleadings and presenting admissible evidence demonstrating that facts exist that raise genuine issues of fact that should be reserved for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Plaintiff must present "significant probative evidence" to support his claims. *Tri-Gen Inc. v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, 433 F.3d 1024, 1038 (7th Cir. 2006). Here, even if all of the facts are viewed in the light most favorable to Plaintiff, there is no genuine issue of material fact as to whether Plaintiff is exempt under the overtime requirements of the FLSA. Accordingly, Defendants Motion for Summary Judgment should be granted.

## ARGUMENT

I.   **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE PLAINTIFF WAS EXEMPT UNDER EITHER THE "ADMINISTRATIVE" EXEMPTION OF THE FAIR LABOR STANDARDS ACT**

### A.   The FLSA Overtime Requirements And DOL's Implementing Regulations

Congress enacted the FLSA in 1938 to "protect all covered workers from substandard wages and oppressive working hours." *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2121 (2016) (citation omitted). Among other things, the FLSA generally requires employers to

pay all employees a minimum wage and to provide overtime compensation to any employees who work more than forty hours in any particular week. 29 U.S.C. §§ 206, 207(a). Such overtime compensation must be "not less than one and one-half times the regular rate" of the employee's pay. *Id.* § 207(a)(1).

As relevant here, the FLSA provides that those requirements do not apply to "any employee employed in a bona fide *executive*, *administrative*, or *professional* capacity." 29 U.S.C. § 213(a)(1) (emphasis added). Congress delegated to the Secretary of Labor the authority to "define[] and delimit []" the scope of the exemptions. 29 U.S.C. § 213(a)(1). The Department of Labor ("DOL") has, in turn, issued regulations interpreting the exemption for administrative employees. *Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees; Final Rule*, 69 Fed. Reg. 22,122, 22,123-24 (Apr. 23, 2004) ("the Regulations") (discussing FLSA's legislative history); 29 U.S.C. § 213(a)(1). Whether viewed through the lens of the FLSA or the factual circumstances, this is a straightforward case. Plaintiff is not covered by the FLSA because his position of Director of Public Works satisfies the definition of the administrative employee exemption, and therefore, Plaintiff's claims should be dismissed.

**B. Plaintiff Unambiguously Qualified As An Administrative Employee Exempt From The FLSA's Overtime Requirements**

Plaintiff is not covered by the FLSA because his position of Director of Public Works meets the requirements for the administrative exemption. (Jt. Facts ¶¶ 14, 17, 27-30, Jt. Ex 8). As the Director of Public Works, Plaintiff was responsible for the administration and oversight of the Village's Department of Public Works which manages all municipal projects, public works facilities, infrastructure, and projects for the Village. (Jt. Facts ¶¶To this end, Plaintiff performed office or non-manual work directly related to the Village's core mission, his work was

4

of substantial importance to the Village's operations, and the completion of his employment duties required discretion and independent judgment. Therefore, Plaintiff is not entitled to compensatory time or overtime because he satisfies the administrative exemption, and therefore, Defendant's Motion for Summary Judgment should be granted in its entirety.

The Regulations state that an employee is subject to the "administrative" exemption when three conditions—known as the "salary test" and the "duties tests"—are satisfied. *See* 29 C.F.R. § 541.200(a)(1), (2). To qualify for an administrative exemption, the Regulations characterize an "employee employed in a bona fide administrative capacity' as any employee: (1) paid a salary of at least $455 per week; (2) whose primary duty consisted of the performance of office or non-manual work directly related to the employer's management policies or general business operations; and (3) the employee's work included the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. §§ 541.200(a)(2)-(3); 29 C.F.R. §§ 541.2(a)(1), 541.2(e)(2), 541.207(a), *and* 541.214(a).

Plaintiff clearly meets this test for exemption because the material, undisputed facts, established by Plaintiff's own admissions, demonstrate that he was exempt under the "administrative" exemption of the FLSA. As set forth below, the undisputed facts show that Plaintiff: (1) was paid well over the statutorily required $455 per week; (2) performed work directly related to management or general business operations of Village and its residents; and (3) customarily and regularly exercised discretion and independent judgment on matters of significance to the Village and its residents.

**1. There Is No Dispute That Plaintiff Meets The Salary Test Because He Earned An Annual Salary Of Over $120,000**

An employee is considered to be paid "on a salary basis ... if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount

5

constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a); 29 C.F.R. § 541.118. This is the case if, for each pay period, a employee regularly receives a predetermined amount of compensation, not subject to reduction because of variations in the quality or quantity of work performed. 29 C.F.R. § 541.602(a). Thus, to be considered salaried, an employee must receive a full week's salary for any week in which he performs work, regardless of the number of days or hours worked. In addition, the employee must be paid a salary of not less than $455 per week. 29 C.F.R. § 541.200.

It is undisputed that Plaintiff was compensated on a salary basis and earned significantly more than $455.00 per week. Specifically, Plaintiff earned a salary of approximately $122,000 annually during his tenure as Director of Public Works. (Jt. Facts ¶¶ 33, 36; Jt. Exs. 8, 9) It is also undisputed that Plaintiff was paid a predetermined amount regardless of the amount of time he worked, and without any improper deductions from his salary. (Jt. Facts ¶¶ 36, 37; Jt. Exs. 8, 9) Therefore, the first element of the administrative exemption is satisfied.

### 2. Plaintiff's Primary Duties Were Related To The Management And Operations Of The Village's Public Works Projects

The second prong of the test for the applicability of the administrative exemption requires that the qualifying employee's "primary duty [must be] the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.200(a)(2). The Regulations provide that, in order to satisfy this requirement, "an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from work on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. § 541.201(a). Work directly related to management or general business operations includes, but

6

is not limited to, work in functional areas such as advertising, marketing, research, and similar activities. 29 C.F.R. § 541.201(b). Moreover, an employee can qualify for the exemption if his or her primary duty is work directly related to the management or business operations of the employer's customers. 29 C.F.R. § 541.201(c).

By way of example, in *Lutz v. Huntington Bancshares, Inc.*, 815 F.3d 988, 990-1 (6th Cir. 2016), the Sixth Circuit addressed mortgage underwriters who evaluated loan applications in light of established guidelines and decided whether the bank should ultimately make each loan. The court noted the administrative/production dichotomy, but it explained that the underwriters' work is properly classified as "administrative" because they "assist in the running and servicing of the Bank's business by making decisions about when [the Bank] should take on certain kinds of credit risk, something that is ancillary to the Bank's principal production activity of selling loans." *Id.* at 993 (applying 29 C.F.R. § 541.201(a).

Another example is found in *Renfro v. Indiana Mich. Power Co.*, 370 F.3d 512 *reh'g en banc denied*, 2004 U.S. App. LEXIS 16565 (6th Cir. 2004) where the Sixth Circuit affirmed summary judgment for defendant nuclear power plant, finding that "planners" employed at the plant were exempt administrative employees. The planners' primary duty was creating plans for maintaining equipment and systems in the plant. Here the Sixth Circuit applied the § 541.205(a) dichotomy test and found that the planners' duties were directly related to management policies or general business operations because they were ancillary to the plant's principal production activity of generating electricity and were substantially important to the plant's operation. While not precisely "administrative" in nature, the Sixth Circuit found that such duties to be a type of "servicing" sufficient for administrative work under 29 C.F.R. 541.205(b).

In the same way, the Eleventh Circuit affirmed summary judgment for the employer in *Hogan v. Allstate Ins. Co*., 361 F.3d 621 (11th Cir. 2004), finding that its Neighborhood Office Agents were exempt administrative employees. The agents managed their own offices with minimal interference from Allstate and spent the majority of their time servicing existing customers, including promoting sales, advising customers, adapting policies to customer's needs, deciding on advertising budgets and techniques, hiring and training staff, determining staff's pay, and delegating routine matters and sales to the staff. The Eleventh Circuit concluded that the agents' duties were directly related to management policies or general business operations of Allstate or its customers in that they involved administrative, rather than production tasks.

Plaintiff plainly satisfy's the second requirement for administrative employees in the same way that it was established in *Lutz*, *Renfro* and *Hogan*. In the same way as the underwriters in *Lutz* were found to meet the administrative exemption, Plaintiff similarly makes day-to-day decisions for the Village respective to the operations of the Public Works Department. Plaintiff is the Village's chief employee responsible for determining what municipal works projects are necessary for the Village and assigning those projects to subordinate staff for completion. He also works with Village contractors to determine the design of municipal projects and whether the craftsmanship is satisfactory. Plaintiff also engages in the planning of public works projects for the Village that is analogous to the planners employed in *Renfro*. And Plaintiff determines the critical needs and urgency of projects in the same way as the insurance agents in *Hogan*.

Here, it is undisputed that as Director of Public Works, Plaintiff was, by his own admission, the Director and responsible for the day-to-day operations of the Village's Department of Public Works. (Jt. Facts ¶ 14) Plaintiff's responsibilities that collectively require

him to administer and oversee all public works functions are equivalent to the duties in *Lutz, Renfro* and *Hogan* that established the administrative exemption under the FLSA. Importantly, and consistent with in *Lutz, Renfro* and *Hogan,* Plaintiff was chiefly responsible for the following activities that establish he satisfies the second prong of the administrative exemption:

- Administers the day-to-day operation of the Public Works Department. (Jt. Facts ¶¶ 14, 17, 27; Ex. 8)
- Oversight over eight (8) subordinate Village employees. (Jt. Facts ¶¶ 15, 18)
- Assigns projects to subordinate employees. (Jt. Facts ¶¶ 26, 31)
- Plans and directs the design of municipal works projects. (Jt. Facts ¶¶ 17, 20, 21, 27)
- Authorizes the design and corrective measures for municipal works projects. (Jt. Facts ¶¶ 21, 27)
- Serves as the liaison for Village contractors hired to perform work on Village public works projects. (Jt. Facts ¶ 28)
- Reviewed the work of Village contractors to ensure they adhered to design plans and produced quality workmanship. (Jt. Facts ¶¶ 23, 28)
- Provides administrative and policy direction on all Village public works matters. (Jt. Facts ¶ 29)

There is no real dispute that Plaintiff's core function was to administer a comprehensive program for the Village's municipal projects, including planning and directing the design and construction of street improvements, sanitary and storm sewers, water distribution lines, drainage structures, traffic control systems, and other public works and utility projects. (Jt. Facts ¶¶ 33, 36; Jt. Ex. 8). Obviously, the role of any municipal public works department is to oversee and ensure the continuous functioning of infrastructure, including roads, facilities, and water and sewer systems for residents. The Village afforded Plaintiff this role by appointing him to the Director of Public Works position so that he would have the authority to exercise independent judgment and discretion for the direction, planning and design of municipal public works projects. (Jt. Facts ¶¶ 13, 14, 17; Jt. Ex. 8) Plaintiff's work[1] was directly related to principal

---

[1] This Court may take judicial notice of the Village Ordinance that outlines Plaintiff's core duties and states in pertinent part that "All public streets, alleys, sidewalks and other public ways" are "under the supervision of the

business decisions for the Village's municipal projects and infrastructure.  In this way, Plaintiff and engaged in exempt administrative work because he was the chief employee who administered a comprehensive public works programs aimed at maintaining the Village's infrastructure for residents and the general public. *Id*.  Therefore, Plaintiff's work directly "assist[s] with the running or servicing of the business." 29 C.F.R. § 541.201(a); *see also Lutz.*, 815 F.3d at 993.

Any doubt about that is resolved by the Regulations which provide examples of employees who qualify for the administrative exemption. For instance, the example under § 541.203 (c) includes employees who lead a team of employees to complete major project. 29 C.F.R. § 541.203(b), (c), (e), (f).  The same determination applies here.  By his own admission, and as cited above, Plaintiff's duties included supervising over eight (8) employees, scheduling subordinate employee's work schedules and directing subordinate employees work. (Jt. Facts. ¶¶ 15,18).  Given Plaintiff's above-described primary duties, the second requirement for the administrative employee exemption is satisfied.

### 3. Plaintiff's Primary Duties Required Him To Employ Independent Judgment And The Exercise Of Discretion

Plaintiff's work as the Director of Public Works also satisfies the third requirement for the administrative employee exemption because his employment duties required him to exercise discretion and independent judgment with respect to formulating the direction, design and planning for all Village public works projects. 29 C.F.R. § 541.202(a). In order to satisfy the third requirement, the employee must "exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or

---

director of public works" and "The director shall enforce all ordinances relating to such public places (except traffic ordinances)." ART. IV Officers and Employees, Div. 8, Sec. 2-352.

10

supervision." 29 C.F.R. § 541.202(c). However, it "does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review." *Id*. What is more, "[t]he decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action." *Id*. Under this standard, Plaintiff's duties and responsibilities clearly included the exercise of discretion and independent judgment.

*Renfro v. Indiana Mich. Power Co*., 70 F.3d 512, *reh'g en banc denied*, 2004 U.S. App. LEXIS 16565 (6th Cir. 2004), is also instructive on the issue of independent discretion. In Renfro, the Sixth Circuit affirmed summary judgment for defendant nuclear power plant, finding that "planners" employed at the plant were exempt administrative employees. The planners argued that the heavily-regulated nature of their job narrowly circumscribed their work. The court concluded that the planners independently determined the nature of the repair tasks and prepared repair plans. In creating work packages, the planners determined which plant procedure applied to the particular repairs and determined whether to replace or repair equipment.

Similarly, in *Koppinger v. American Interiors, Inc*., 295 F. Supp. 2d 797 (N.D. Ohio 2003), a district court in Ohio granted the employer's motion for summary judgment on the basis that the plaintiff, an information technology department employee, was an exempt administrative employee. The employee, who had no title but referred to himself as the "IT director," was a one-man department responsible for maintaining the company's computer system. The court determined that he regularly, if not daily, exercised independent judgment and discretion in his employment, as the employee was charged with managing the company's computer systems from end to end, decided what needed to be done and when, with almost no supervision. His

duties consisted of ordering replacement parts, recommending purchases of new software and hardware, installing software, and repairing equipment for the company's computer users. Moreover, on several occasions the employee made suggestions for new hardware, software, or server installation when the computer system needed new components. The court found that although the owner of the company had the final say as to the purchase of new components, this fact did not negate the applicability of the exemption.

As the Director of Public Works, Plaintiff regularly exercised "discretion and independent judgment" with respect to "matters of significance." 29 C.F.R. § 541.200(a)(3). Among other things, Plaintiff had discretion to make recommendations about repairing and maintaining Village infrastructure. (Jt. Facts. ¶¶ 20-25). Plaintiff also testified to numerous specific examples of how he exercised discretion and independent judgment in the performance of his job duties. (Jt. Facts. ¶¶ 20, 21, 24, 25, 28). For example, any time the Village streets required repair, Plaintiff would independently determine which streets needed to be paved and/or resurfaced and the order in which streets were to be paved and/or resurfaced. (Jt. Facts. ¶¶ 22). In doing so, Plaintiff was exercising the type of independent judgment and discretion similar that found to be administratively exempt in both *Renfro* and *Koppinger*.

Plaintiff also explained that he was the decision-maker with respect to triaging public works projects. (Jt. Facts. ¶¶ 25). Specifically, Plaintiff testified that he would make "recommendations… categorize things. I had a pecking order of what was of urgency." (Jt. Facts. ¶ 25; *see also* Jt. Ex. 2, Lymperopulos Dep. at 29:22-23). In fact, Lymperopulos stated that the Village "… gave me the reign and latitude that they knew what I was doing, and they trusted me, and that's how I worked there for 25 years." (*see also* Jt. Ex. 2, Lymperopulos Dep. at 40:12-14). Again, the independent judgment and discretion exercised by Plaintiff is consistent

12

with *Renfro* and *Koppinger* and consistent with the DOL Regulations respective to the administrative exemption.

Plaintiff further testified that he was the Village's central person who directed the work of all contractors who were hired to work on Village water main or sewer projects. (Jt. Facts. ¶¶ 21-24). Plaintiff explained that with a particular sewer project, he "…was there just for – to make decisions if we were gonna add on something. Add another catch base, put another 40 foot of curbs in, and make other decisions like that. That the engineer would bring to my attention for my authorization to okay that." (Jt. Facts. ¶ 21). By his own admission, it was Plaintiff's responsibility, through the exercise of his independent judgment and discretion, to make decisions respective to how particular projects would be addressed. Indeed, Plaintiff may not have had the technical knowledge of some members of his staff. But, Plaintiff was unequivocally the proverbial "quarterback" of the Village's Public Works Department as he made decisions and recommendations on addressing projects, administration, and policy on all public works issues.

Any one of these duties, standing alone, is evidence of Plaintiff's exercise of discretion. Thus, there can be no dispute that Plaintiffs duties and responsibilities taken together involved the exercise of discretion and independent judgment. In short, Plaintiff's use of discretion and independent judgment was paramount to the completion of his daily duties as Director of Public Works, which are precisely the same duties that the DOL and the courts have regularly and uniformly found to be administratively exempt duties. As such, Plaintiff satisfies the third prong of the administrative exemption, and therefore, his claim under the FLSA should be dismissed.

## II. PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED

Since the FLSA claim should be dismissed, so should Plaintiff's state law claims. *See Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999)("It is well-established law of this circuit

that the usual practice is to dismiss without prejudice state supplemental claims whenever federal claims have been dismissed prior to trial."); *Wilson v. Pioneer Concepts, Inc*., 2011 WL 3950892, No. 11-cv-2353-JWD (N.D. Ill. Sept. 1, 2011) (N.D. Ill. 2011)(dismissing overtime claims because of insufficient factual allegations and noting that plaintiff's "statement that [defendant's] alleged FLSA violations are 'deliberate, voluntary, intentional, and willful' … are nothing more than conclusory recitals of a cause of action.").

While Count II pursuant to Illinois law is really nothing but Plaintiff's conclusions, these claims are based on the same vaguely suggested FLSA violations as are alleged in Count I. The overtime rate required by Illinois law is not alleged to be more generous than the rate under FLSA, so the Plaintiff appears to rely upon FLSA rights but then state law remedies for the alleged FLSA violations. The FLSA provides the exclusive remedial scheme to address employees' rights to be paid a minimum wage for hours worked and to be paid overtime for all hours worked in excess of forty in a given workweek. *See* 29 U.S.C. §§ 206(a), 207(a); *Robertson v. Steamgard*, 2012 WL 1232090, No. 11-C-8571-BMM (N.D. Ill. April 12, 2012). As such, Plaintiff's state law claims should also be dismissed.

[Conclusion on Following Page]

14

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully requests that this Court grant summary judgment and dismiss Counts I and II of the Complaint with prejudice.

Respectfully submitted,


By:     <u>s/ Thomas DiCianni</u>
One of the Attorneys for Defendants James Chmura and the Village of Norridge

Thomas DiCianni
Jeffrey M. Brown
Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C.
140 S. Dearborn Street, Suite 600
Chicago, Illinois 60603
(312) 782-7606/(312) 782-0943 (fax)
tdicianni@ancelglink.com
jbrown@ancelglink.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on June 14, 2018, the **DEFENDANTS MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

Brian Holman
Holman & Stefanowicz, LLC
233 S. Wacker Drive, Suite 9305
Chicago, IL 60606
312-258-9700 ext 226
brh@hs-attorneys.com

s/ Thomas G. DiCianni
THOMAS G. DICIANNI
Attorney Bar #3127041
One of the attorneys for Defendants
*ANCEL, GLINK, DIAMOND, BUSH,*
*DICIANNI & KRAFTHEFER, P.C.*
140 South Dearborn Street, 6th Floor
Chicago, Illinois 60603
Telephone:     (312) 782-7606
Facsimile:      (312) 782-0943
E-Mail:         tdicianni@ancelglink.com

4836-3353-3546, v. 1

16