UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK LYMPEROPULOS, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 16 C 11548 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| VILLAGE OF NORRIDGE, and JAMES CHMURA, | ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Plaintiff Mark Lymperopulos was a 25-year veteran of the Village of Norridge Department of Public Works (the "Department") when Defendants the Village of Norridge (the "Village") and Village President James Chmura terminated his employment. Lymperopulos had accumulated substantial compensatory time during his employment, but the Village did not pay him as much as he believes he is owed for this time when it terminated his employment. Seeking what he believes he is owed, Lymperopulos brought the present suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/5. Defendants now move for summary judgment on the FLSA claim, arguing that Lymperopulos was exempt from the FLSA because he was an administrative employee. Because Defendants have failed to meet their burden of establishing that Lymperopulos was paid on a salary basis as defined under the FLSA, the Court denies the motion for summary judgment.

# BACKGROUND[1]

Lymperopulos worked in the Department for twenty-five years until his termination on April 30, 2016. He began as a laborer in 1990 but was eventually promoted to Director of Public Works ("Director") by the then-Village President. As Director, Lymperopulos was responsible for the day-to-day operations of the Department. In this role he oversaw eight employees and was responsible for municipal projects including planning and directing the design and construction of street improvements, sanitary and storm sewers, water distribution lines, drainage structures, traffic control systems, and other public work and utility projects. Lymperopulos acted as a liaison with and oversaw the work of contractors who did public work projects such as street resurfacing. Lymperopulos' duties included making recommendations to the Village Trustees about the order and urgency of municipal works projects. He did not have the authority or responsibility to make monetary expenditures, plan the budget, or select outside vendors. He did not have authority to set work hours for the Department employees, and he did not hire, interview, fire, discipline, or otherwise control the employment of Department employees.

The Director position also required Lymperopulos to spend significant time outdoors and included considerable physical activity. The job description stated that the Director would need to be able to frequently lift more than twenty-five pounds, climb stairs, engage in occasional extraordinary physical activity, and endure exposure to weather conditions among other requirements.

Lymperopulos' regular hourly wage was $57.71, and his annual salary was capped at $122,000 according to the 2014 Employee Handbook. Lymperopulos was not eligible to earn overtime pay; instead he earned compensatory time or "comp time" which he could use to take

---

[1] The facts in this section are derived from the Joint Statement of Undisputed Material Facts ("JSUF"). All facts are taken in the light most favorable to Lymperopulos, the non-movant.

time off later and still receive his salary. The Department calculated his comp time at a time-and-a-half rate. At the time of his termination, Lymperopulos had accrued approximately 569 hours of unused comp time and 24 days of unused vacation time. The Village paid him for all of the unused vacation time and paid him $25,000 for the unused comp time. Lymperopulos asserts he was owed over $49,000 for the unused comp time.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

ANALYSIS

I.  FLSA CLAIM

Defendants move for summary judgment on Lymperopulos' FLSA claim, arguing that he was not a covered employee under the FLSA because the Village employed him in an administrative capacity. The FLSA requires employers to pay employees overtime for time worked beyond 40 hours in a week. 29 U.S.C. § 207(a)(1). The FLSA exempts employees from this provision if they are "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The Department of Labor issues regulations defining the scope and application of these exceptions. *Id.* Pursuant to the controlling regulations, an employee is employed in an administrative capacity if all four of the following requirements are met: (1) he is paid on a salary basis (the "Salary Basis test"), (2) that salary is greater or equal to $455 per week (the "Salary test"), (3) his primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer, and (4) his primary duty includes the exercise of discretion and independent judgment with respect to matters of significance (prongs (3) and (4) collectively, the "Primary Duty test"). 29 C.F.R. § 541.200. The administrative exception is an affirmative defense, and thus the employer seeking to apply it to an employee bears the burden of proving that it applies. *Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505, 507 (7th Cir. 2007). Defendants argue that Lymperopulos' employment as the Director met all of the elements of the administrative capacity exemption.

Defendants can establish the first element, the Salary Basis test, "if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction

4

because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). Defendants cite three paragraphs from the JSUF that they argue conclusively establish that the Village paid Lymperopulos on a salary basis. The first paragraph states, "Lymperopulos' regular hourly wage was $57.71/hr." Doc. 42 ¶ 33. The second paragraph states, "In 2014, the Employee Handbook listed what the annual salary of the Public Works Director was capped at approximately $122,000." *Id.* ¶ 36. And the third paragraph states, "Lymperopulos was not paid overtime in his position as Director of Public Works, but was given the opportunity to get compensatory time." *Id.* ¶ 37. These paragraphs do not speak to any of the elements of the Salary Basis test. Paragraph 33 states that Lymperopulos was paid an hourly wage. Paragraph 36 states only what the maximum annual salary for the Director position was, but it says nothing about the way the Village paid this position or conditions determining payment. It does not even say that the Village paid Lymperopulos a salary. Defendants assert incorrectly that the three paragraphs they cite conclusively establish that "Plaintiff was paid a predetermined amount regardless of the amount of time he worked, and without any improper deductions from his salary." Doc. 44 at 6. These sentences establish nothing of the sort. They say nothing of deductions, predetermined amounts, or that Lymperopulos was paid a salary. If there is support in the record for these conclusions, their existence is conspicuously absent from the JSUF and Defendants' motion.

  In their reply, Defendants attempt to rescue their Salary basis argument by turning the tables on Lymperopulos and incorrectly stating that the Court already ruled that Lymperopulos was paid on a Salary Basis. The Court never made that ruling. In the prior Order, the Court stated in a footnote that someone being paid on a Salary Basis can also earn additional compensation beyond their salary without invalidating an exception to which they may be

5

subject. Doc. 18 at 3 n. 3. The Court did not rule that Lymperopulos himself satisfied the Salary Basis test, only that if he did satisfy it, his earning of comp time would not invalidate it. Thus, this is still a live question in this case.

Defendants next state that Lymperopulos argued that the Village's requirement that Lymperopulos keep time records "proves" that he was not paid on a salary. First, Lymperopulos does not assert that it proves it, only that it is consistent with the Village paying him on an hourly basis, which it is. Moreover, it is not Lymperopulos' burden as the plaintiff and non-moving party to prove or disprove the elements of Defendants' affirmative defenses. Lymperopulos is free to, and did, use several examples from the JSUF that are consistent with the Village paying him on an hourly basis to further undermine Defendants' claim that he is paid on a Salary Basis, but he is not required to prove it.

Finally, the Court notes that the Complaint does state that Lymperopulos was paid a salary. *See* Doc. 1 ¶ 8 ("As the Public Works Director for NORRIDGE, LYMPEROPULOS was paid a salary that was compensation for a 40-hour work week."). However, this does not mean he was paid on a Salary Basis. The Salary Basis test goes beyond simply calling a payment method a salary or paying someone on a periodic basis. 29 C.F.R. § 541.602(a). Courts have regularly found that individuals who receive fixed, periodic payments that are commonly called salaries are not paid on a Salary Basis under the FLSA. *See, e.g.*, *Bankston v. State of Ill.*, 60 F.3d 1249, 1253 (7th Cir. 1995) (employee whose salary is docked for partial day absences does not satisfy the Salary-Basis test); *Bowman v. City of Indianapolis*, 133 F.3d 513, 517 (7th Cir. 1998) (employee paid a salary that is subject to reduction for disciplinary reasons not paid on a Salary Basis). Thus, Defendants must do more to carry their burden than establish that the Village paid Lymperopulos what is commonly referred to as a salary; they must prove he was

6

paid on a Salary Basis as defined under FLSA. Because they have failed adduce any evidence to carry that burden, their motion for summary judgment fails. And because Defendants must prove all elements of the administrative exemption for it to apply to Lymperopulos, the Court need not consider whether they have carried their burden with respect to the Primary Duty test at this time.

II.     SUMMARY JUDGMENT PROCEDURES

Lymperopulos asked the Court, in the alternative, to deny Defendants' motion for summary judgment because Defendants did not comply with the Court's meet and confer requirement for such motions. Because the Court denies the motion on the merits, it need not reach this issue. However, the parties are on notice that further failure to comply with the Court's standing orders will result in summary denial of motions or other appropriate sanctions.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion for summary judgment [43].

Dated: December 3, 2018

SARA L. ELLIS
United States District Judge